On Petition for a Rehearing.
Elliott, J.
We are asked to grant a rehearing upon the-ground that the testimony excluded was that of the declaration of the witness himself, and not that of the appellee. In the original- opinion we made a full and literal extract from the bill of exceptions, from which it very fully and clearly appears that the declaration which appellant offered to prove was that of the appellee, and not that of the witness. Our attention is now, for the first time, expressly directed to the language of the motion for a new trial. It is, as counsel claim, evident, from the reason assigned, that the- *321 declaration intended was that of the witness. It is proper-, therefore, that we should examine the case as though the declaration was that of the witness, and not that of the-party. The argument of counsel, as shown in the quotation, made from their brief in the' original opinion, applies fully to the question presexxted, whether the declax’aticux be considered as that of the appellee, as ixidicated by the bill of exceptioxxs, or as that of the witness, as the reason assigned for a new trial seems to indicate. If it were broadly conceded that the declaratioxx proposed to be proved was that of the witness the result must be the same as that declax’ed ixx the opinion heretofore filed.
It appeax-ed that appellee was the aggressor; that he had inflicted personal violence upon the appellant an instaxxt befox-e the words were uttered; that he was still in an angry mood, and was using threatenixxg laxxguage ; that, whexx the were spokeix, he was going toward the appellant, and that his manxier was indicative of a pui’pose to do him violence. The witness was in a position to clearly see what appellee was doing, and his words, spoken iix the very heat and excitement of the contest, ought to have goxxe to the jury in order that they might have fully comprehended the situation of the parties, their motives and their conduct. If from the appearaixces created by the acts of the appellee and made knowix to the appellant an instant befoi’e he dischai’ged his pistol, he had reasonable ground to apprehend, and did apprehend, imminent danger of great personal harm, he was justified in using reasonable force to protect himself. What the appellee did whexx behind the counter could have beexx seeix by the witness, and if the declax’ation of the witxxess was of such a character as to inform appellant that he was in immediate danger of grievous bodily harm, he was entitled to have it submitted to the jury along with all the other facts axxd circumstances which occurred while the altercation was still ixx progress. One has a right'to act upon appear *322 anees in many cases. Says Mr. Bishop : “Whenever a man exercises his right of self-defence, he must be understood to act on facts as they appear to him. And if,, without fault ox-carelessness, he is misled concerning them,and defends himself cox-rectly accox-ding to what he supposed the facts to be, he is justifiable; though they are in truth otherwise, and he has really no occasion for the extx-eme measure.” 1 Bishop Criminal Law, sec. 305. The inquii-y in the present case is, what were the appearances presented to the appellant? Nor is this inquiry limited merely to what he saw, but it extends also to what he heard. The words which he heard, and the things which he saw, constituted the appearances. All the matters which were necessary to reveal cleax-ly and fully to the jury the appearances as they were presented to the mind of the appellant were parts of the res gestee, and as such should have been placed before his triors. Wharton says : 4 ‘The res gestee may be therefore defined as those cix-cumstaxxces which are the undesigned incidents of a particular litigated act, and which are admissible when illustx-ative of such act. These incidents may be sepax-ated from the act by a lapse of time, more or less appreciable. They may consist of the speeches of any one concerned, whether participants or bystanders ; they may comprise things left undone as well as things done. Their sole distinguishing feature is that they should be the necessary incidents of the litigated act.” 1 Wharton Evidence, sec. 259. Whether the •declax-ations are those of a bystander or those of a participant, they are part of the res gestee, if they ax-e necessary to a full appreciation of the character of the act under judicial investigation. It matters not, thex-efore, whether the declaration which appellant proposed to prove was one made by the witness himself, or one made by the appellee; it was ex-ror to exclude it.
Petition overruled.